# THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DAVID HAWKINS, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | )   NO.  CIV-12-0084-HE |
| | ) |
| SCHWAN'S HOME SERVICE, INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Plaintiff has moved to compel production of certain requested discovery as to which the parties have been unable to agree. Defendant has responded and plaintiff has filed a reply brief.

Certain of defendant's relevance or scope objections are based on its view of the circumstances surrounding the conclusion of plaintiff's employment. For example, it argues that plaintiff resigned and that there are no similar circumstances for which documents could be produced. However, the circumstances of plaintiff's resignation/termination/suspension are disputed and plaintiff is not required to accept defendant's characterization of the facts as the basis for limiting responses.

To the extent defendant objects to the requests or their scope based on privacy or confidentiality concerns, the court concludes that the following resolution of the various issues as to scope and relevance, coupled with the confidentiality order previously entered by the court [Doc. #23], sufficiently addresses those concerns.

The court's resolution of the disputed issues has been considerably complicated by the

very limited information provided by both parties as to the nature and geographic scope of defendant's operations as pertinent here. Plaintiff suggests some information sought should be for the "Oklahoma region," but there is no indication whether that region involves two or twenty individual warehouses or depots. Similarly, the parties frame their scope arguments with reference to "the region supervised by Jeff Booth" or "the region supervised by Roger Hillaker" without any clear indication of what those regions are.[1]

In any event, the court makes the following determinations, applying the principles of Fed.R.Civ.P. 26(b):

1. <u>RFP 15 - D&E</u>. At issue is a request for defined personnel information for persons holding the same or similar position as plaintiff for the period from January 1, 2007, to the present. It is unclear what the original scope of the request was intended to be or what the parties have since agreed to, but it appears they have agreed that the information should be produced for persons at the Alva facility. Defendant says it has produced the information for the two persons within that scope. Plaintiff says it also wants the information for Melvin Cashion "who was also a Facility Supervisor in Oklahoma ...."[2] Rather than belabor the question of what scope was intended or agreed to, defendant is directed to provide the requested information for Mr. Cashion.

---

[1] *Plaintiff's reply brief implies that Hillaker's region is Oklahoma, but that is not altogether clear.*

[2] *The reference may mean he was another supervisor at the Alva facility. If the whole State of Oklahoma, which presumably (though not clearly — see above) includes multiple warehouses or depots of defendant, was the frame of reference, it seems likely more than one additional person would be involved.*

2. <u>RFP 15 - A, B & C</u>. Defined personnel information is sought for Pat Lyons, Sara Brinks and Jeff Booth. Defendant is directed to produce the requested information for Brinks and Booth. It need not as to Lyons. Plaintiff appears not to dispute that Lyons last supervised plaintiff some two years prior to the events in this case. Whatever opinions he may have expressed about plaintiff at that point appear to have a sufficiently tenuous connection to the issues here that production of his personnel information is unwarranted.

Plaintiff's reply brief suggests it has also not received this information for Roger Hillaker and takes defendant to task because its response did not even mention Mr. Hillaker [Doc. #39, p. 7, n. 7]. That is likely due to the fact that plaintiff's opening brief also did not mention Mr. Hillaker in this context. Similarly, the pertinent portion of RFP 15 does not mention Mr. Hillaker. There is no apparent deficiency in defendant's production as to Mr. Hillaker.

3. <u>RFP 15 - F & G</u>. Plaintiff seeks defined personnel information for persons who were disciplined or terminated for the same or similar reason for the period from January 1, 2007, to the present. Defendant argues it did not discipline or terminate defendant, that he resigned, and that there are therefore no responsive documents. As noted above, the circumstances surrounding the conclusion of plaintiff's employment are disputed. Defendant is directed to produce the requested information for any person terminated, disciplined, suspended, or put on unpaid leave, due to circumstances substantially similar to those involved here, for the indicated period. The parties' submissions do not reference a dispute as to geographic scope as to this element, which is apparently limited to the Oklahoma

region.

    4. <u>RFP 15 - I, J & M</u>.  These requests seek defined personnel documents for persons who have requested accommodation based on disability, persons claiming disability discrimination, and for persons whose physical examination results were "rejected by the Defendant," from January 1, 2007, to the present.  The original request did not specify a geographic scope and defendant has argued burden on the basis of responding to a request for nationwide information.  But plaintiff offered, or at least has now offered, to limit the request to the State of Oklahoma and there is no apparent reason why that is not a reasonable resolution.[3]  The court is unpersuaded that, in the circumstances existing here, production should be limited to those persons supervised by a particular supervisor.  Defendant is directed to produce the requested information for the period from January 1, 2007, to the present for its operations in the State of Oklahoma.

    5. <u>RFP 21</u>.  Plaintiff requests information as to anti-discrimination training given to defendant's employees.  The parties agreed to limit the scope of the request to the Alva facility.  Defendant says it has now provided the requested information and plaintiff's reply brief does not dispute that response.  The court concludes the motion is moot as to training records.

    6. <u>RFP 22, 24</u>.  Plaintiff requests designated information as to charges of discrimination from January 1, 2003, and as to lawsuits or demands from January 1, 2004.

---

[3]*Defendant asserts, incorrectly, that there was no limit on the types of documents requested. The definitions in the request specify certain documents and exclude others.*

Defendant objects on the basis of burden and the geographic and temporal scope of plaintiff's requests. Plaintiff has apparently agreed to limit the request to "the region supervised by Mr. Booth" while defendant would limit the production to the region supervised by Mr. Hillaker, presumably the State of Oklahoma. The court concludes defendant should be required to produce information for charges/lawsuits/etc. since January 1, 2007, for the State of Oklahoma. The information will be limited to charges/lawsuits involving disability discrimination.

Plaintiff's motion to compel discovery [Doc. #30] is **GRANTED IN PART** and **DENIED IN PART** as stated above.

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2012.

_____
JOE HEATON
UNITED STATES DISTRICT JUDGE